IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Desmonta Antwin Maurice Goodwin, )
                                  )
                    Petitioner,   )
                                  )
v.                                )   Civil Action No. 8:18-2062-BHH
                                  )
Chief Beatty, Director of Charleston ) **ORDER**
County Detention Center,          )
                                  )
                    Defendants.   )
_____ )

This matter is before the Court on Petitioner Desmonta Antwin Maurice Goodwin's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On August 27, 2018, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without requiring Respondent to file an answer or response based on Petitioner's failure to exhaust his state court remedies or show that "special circumstances" otherwise justify review by this Court at this time.

Petitioner filed objections to the Magistrate Judge's Report, but his objections simply reiterate his claims and do not specifically object to any portion of the Magistrate Judge's analysis.[1] In all, Petitioner's objections do not point to any legal or factual error in the

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter

Report, and the Court finds them without merit. As the Magistrate Judge properly explained in her Report, Petitioner is a pre-trial detainee incarcerated in the Charleston County Detention Center, and he complains that his rights under the United States Constitution have been violated because the evidence does not support the crimes with which he has been charged. Importantly, however, because Petitioner may raise these claims in the state court during trial and post-trial proceedings, the Court agrees with the Magistrate Judge that pre-trial intervention by this Court would be inappropriate. *Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993). In addition, because Petitioner essentially challenges the validity of his state detention and his pending criminal charges, any ruling in his favor in this case would improperly interfere with the ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

For the foregoing reasons, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 14); overrules Petitioner's objections (ECF No. 17); and dismisses this action without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

January 29, 2018
Charleston, South Carolina

---

only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).